**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
LAW OFFICES OF DANIEL SNYDER
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **IAN BRENNAN**, <br><br> Plaintiff, <br><br> v. <br><br> **MULTNOMAH COUNTY,** a political subdivision of the State of Oregon, <br><br> Defendants. | Case No. 3:25-cv-00467 <br><br> **COMPLAINT** <br><br> **TITLE II ADA** <br><br> Jury Trial Demanded |

**NATURE OF ACTION**

1.   This is a civil rights action brought pursuant to 42 U.S.C. § 12132 et seq. to redress Defendants' failure to conduct an assessment of Plaintiff's needs for an accommodation and provide Plaintiff with an accommodation for his disability.

PAGE 1 – COMPLAINT

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331(a) and 1343 because the causes of action arise under Title II: 42 U.S.C. § 12182 et seq.. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

3. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

**TORT CLAIM NOTICE**

4. Prior to the institution of this action, Plaintiffs provided notice of this claim to all necessary parties pursuant to ORS 30.275.

**PARTIES**

5. Plaintiff Ian Brennan is a citizen of the United States of America. At the time of filing of this action, Plaintiff has standing as he was in custody of the Multnomah County Sheriff's Office (MCSO) at Multnomah County Detention Center (MCDC).

6. Defendant Multnomah County operates Multnomah County Sheriff's Office (MCSO) which is an agency of Multnomah County, a political subdivision of the state of Oregon. MCSO owns and operates correctional facilities in Multnomah County, including MCDC and is responsible for the inmates in its facilities.

**GENERAL ALLEGATIONS**

7. On March 21, 2023, around 2:43pm, Plaintiff arrived at the booking area of the Multnomah County Detention Center. He is a bilateral cochlear implant recipient, which he

informed the officers of prior to and while at the detention center. While booked, Plaintiff's cochlear implants were documented as an electronic device titled "Headphones."

8.     During transport, Plaintiff notified the officers that the batteries in his cochlear implants were dying.

9.     At the detention center, while being fingerprinted, he heard another beep, again warning him that the batteries were dying. Plaintiff notified staff that the batteries for his cochlear implants were dying but no one cared or took any action to assess or accommodate his disability.

10.    After being fingerprinted and having his photograph taken, Plaintiff was sent to the main detention area to where there is the Recognize, Medical, and a waiting detention area. While waiting there, Plaintiff received a last and final "beep," which meant it would be going dead in a matter of minutes. Plaintiff immediately tried to notify the person on duty in the waiting area, who had no concern, and motioned for Plaintiff to sit back down. Again, no one cared or took any action to assess or accommodate his disability.

11.    Plaintiff began to panic and became frustrated about being incarcerated without the ability to hear or communicate with people. Plaintiff again attempted to communicate the situation and need for accommodation to the person on duty but again was motioned to sit down and his requests were ignored.

12.    Eventually, Plaintiff met with someone from Recognizance. She began asking him questions that he could not hear and could not adequately read her lips. Plaintiff said, "I can't hear you," pointed at his cochlear, and said he was deaf. He also said he could write but she shook her head in a no gesture with a disgusted and irritated look. Instead of providing an accommodation and processing Plaintiff, she raised five fingers at Plaintiff, pointed at the clock,

and then pointed at his seat to sit back down.

13. Plaintiff returned to his seat not knowing what was going on or what would happen next.

14. Plaintiff was eventually released around 6:37pm. Even at that time, Plaintiff was asked questions that he could not understand and received facial responses of disgust when he conveyed his disability.

15. During his time at the detention center, Defendant Multnomah County failed to assess Plaintiff's need for accommodations or provide any accommodations to him for his disability.

## FIRST CLAIM FOR RELIEF
### Title II: 42 U.S.C. § 12132 et seq. -- Americans with Disabilities Act
### Against individual defendant

16. Plaintiff re-alleges the prior paragraph as though fully set forth herein.

17. Title II of the ADA, 42 U.S.C. § 12132, states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

18. Defendant State by and through the ODOC is a "public entity" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1), and is therefore subject to the provisions of the ADA.

19. Plaintiff is a qualified individual with a disability under the ADA.

20. At all relevant times, Defendant was aware of Plaintiff's physical disability.

21. Defendant has damaged Plaintiff in violation of 42 U.S.C. §12132 and its accompanying regulations by committing the following discriminatory acts or practices:

    a. By failing to conduct an informed assessment of Plaintiff's needs for accommodation;

    b. Defendant failed to provide Plaintiff with an accommodation for his disability;

    c. By failing to give primary consideration of and deference to Plaintiff's accommodation requests or failing to provide an appropriate alternative accommodation taking into account the context in which the communication is taking place;

    d. By failing to make information available to Plaintiff regarding his rights under the ADA.

22. Plaintiff is entitled to a declaration that the Defendant violated Title II of the ADA.

23. As a result of Defendant's actions and omissions, Plaintiff suffered emotional distress.

24. Plaintiff also seeks compensatory damages and reasonable attorneys' fees and costs under 42 U.S.C. § 12205.

25. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

Plaintiff prays that this Court will enter a Judgment against Defendants granting Plaintiff:

A. Noneconomic damages against Defendants in an amount to be determined at trial;

B. Equitable relief;

C. Plaintiff's costs, expenses, and attorney fees in this suit; and

D. Any additional relief this court deems just, proper, and equitable.

**JURY DEMAND**

Plaintiff demands a trial by Jury.

Dated: March 19, 2025

                                        **Law Offices of Daniel Snyder**

                                        *s/ Carl Post*
                                        Carl Post, OSB No. 06105
                                        carlpost@lawofficeofdanielsnyder.com
                                        John David Burgess, OSB 106498
                                        johnburgess@lawofficeofdanielsnyder.com
                                        Tel: (503) 241-3617 / Fax: (503) 241-2249
                                        Attorneys for Plaintiff